IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREESCALE SEMICONDUCTOR, INC. | § CIVIL ACTION NO. 1:12-cv-644-LY |
| | § (LEAD CASE) |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| FUNAI CORPORATION, INC.; | § |
| FUNAI ELECTRIC CO, LTD.; | § |
| CSR TECHNOLOGY, INC.; ZORAN | § |
| CORPORATION; MEDIATEK INC.; | § |
| MEDIATEK USA INC.; | § |
| VIZIO, INC.; SANYO ELECTRIC CO., LTD.; | § |
| SANYO NORTH AMERICA CORPORATION; | § |
| SANYO MANUFACTURING | § |
| CORPORATION; TPV TECHNOLOGY | § |
| LIMITED; TPV INTERNATIONAL (USA) | § |
| INC.; TOP VICTORY ELECTRONICS | § |
| (TAIWAN) CO., LTD.; TOP VICTORY | § |
| ELECTRONICS (FUJIAN) CO., LTD.; | § |
| ENVISION PERIPHERALS, INC.; AMTRAN | § |
| TECHNOLOGY CO., LTD; | § |
| AMTRAN LOGISTICS, INC., AND | § |
| MARVELL SEMICONDUCTOR, INC. | § |
| | § |
| Defendants. | § |

**PLAINTIFF'S OPPOSED MOTION FOR CLARIFICATION OF THE COURT'S
ORDER GRANTING JURISDICTIONAL DISCOVERY (Dkt. No. 108), OR IN THE
ALTERNATIVE, MOTION FOR LEAVE TO SERVE REQUESTS FOR PRODUCTION
ON MEDIATEK, AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE
<u>DEADLINE FOR COMPLETING JURISDICTIONAL DISCOVERY</u>**

Plaintiff, Freescale Semiconductor, Inc. ("Freescale") hereby files its Motion for Clarification of the Court's June 12, 2013 Order Regarding Jurisdictional Discovery, or in the alternative, Motion for Leave to Serve Requests for Production on MediaTek, and Motion for Leave to Extend the Deadline for Completing Jurisdictional Discovery from August 2, 2013 to September 6, 2013. Pursuant to Local Rule CV-7, and as explained in more detail below, the

#4321294.2

parties conferred in a good-faith attempt to resolve the matter, but no agreement could be made. In support thereof, Freescale would respectfully show the Court as follows:

## I. INTRODUCTION

MediaTek intentionally places its products into a well-established distribution channel that ensures its products are sold in the Western District of Texas and throughout the United States. Indeed, documents and testimony demonstrating MediaTek's involvement with and support of that distribution channel were produced during related litigation between Freescale and MediaTek at the International Trade Commission. Yet despite repeated requests, MediaTek refuses to produce those documents or that testimony at this time.

Freescale respectfully requests that the Court clarify that Freescale's previously-served requests for production of documents are consistent with the Court's Order permitting jurisdictional discovery. Alternatively, Freescale respectfully requests leave to serve MediaTek with requests for production on Freescale's stream of commerce theory of personal jurisdiction. MediaTek's documents are necessary to obtain a full and complete record upon which the Court may render its decision.

In addition, Freescale requests that the Court extend the jurisdictional discovery period by approximately one month: from August 2, 2013 to September 6, 2013. Freescale first served MediaTek with discovery on June 16, shortly after the Court's Order. Because MediaTek's responses would not be due until less than two weeks prior to the August 2 deadline, and because MediaTek's counsel indicated that any potential depositions would likely be held in Taiwan, Freescale requested that MediaTek either agree to provide expedited responses or extend the jurisdictional discovery period. MediaTek refused. Freescale respectfully submits that the extended discovery period is necessary to ensure that Freescale has sufficient time to review

MediaTek's discovery responses, raise and resolve any potential disputes arising therefrom, and to schedule and complete depositions in Taiwan related to such responses.

## II. BACKGROUND

On June 12, 2013, the Court entered its order dismissing MediaTek's motion to dismiss for lack of personal jurisdiction and permitting Freescale to conduct jurisdictional discovery (hereinafter "Order"). The Order notes that Freescale's discovery is limited to a maximum of 50 interrogatories and five depositions. The Order does not mention other forms of discovery, such as requests for production or requests for admission.

On Monday, June 17—less than three business days after the Court's Order issued—Freescale served interrogatories and requests for production on MediaTek, and requested a meet-and-confer to discuss any potential issues or disputes. *See* Exhibit 1, attached hereto. The parties first conferred on June 18 and discussed document production and expedited discovery responses. *Id*. On June 20, Freescale served a corporate deposition notice on MediaTek with a schedule of topics limited to personal jurisdiction discovery. That deposition notice was amended on June 21 to include a request for production of documents related to the noticed topics. *See* Exhibit 4.

The parties conferred again on June 21. At that conference, MediaTek indicated that it refuses to produce any documents at this stage of the case. MediaTek further indicated that it is not willing to expedite its discovery responses nor to extend the jurisdictional discovery period. Freescale filed the present motion to seek relief on the next business day.

## II. ARGUMENT

**A.  Freescale requests that the Court clarify that its Order includes requests for production, or in the alternative, permit Freescale to serve MediaTek with requests for production related to personal jurisdiction.**

-3-

#4321294.2

Freescale understands the Court's Order as permitting a jurisdictional discovery period and providing a limitation on interrogatories and depositions, which are discovery devices typically limited under the Federal Rules.  It does not expressly exclude all other types of discovery, such as requests for production, which are typically not limited under the Federal Rules and which often accompany notices of deposition.

On Monday, June 17—less than three business days after the Court's Order issued—Freescale served interrogatories and requests for production on MediaTek, and requested a meet and confer to discuss MediaTek's interpretation of the Order.  *See* Exhibit 1; *see also* Exhibit 3.  In subsequent discussions, MediaTek confirmed that it will not produce any documents, contending that the Court's Order prohibits requests for production during the jurisdictional discovery period.

Freescale noted that the Court's Order grants up to five depositions, that documents almost always represent the primary basis upon which depositions are taken,  that the Federal Rules do not limit requests for production, and that notices of deposition often include requests for document production.  Freescale further explained that documents responsive to Freescale's stream of commerce theory (such as contractual agreements and emails) could be highly relevant and material to the Court's disposition of the parties' jurisdictional dispute, and therefore were likely intended to be discoverable within the jurisdictional discovery period permitted by the Court's Order.  Despite these discussions, the parties were unable to reach agreement.

In light of the parties' differing interpretations of the Court's Order, Freescale respectfully requests that the Court clarify whether the jurisdictional discovery permitted by the Court's Order includes the production of documents, whether in response to stand-alone requests for production, in association with notices for deposition, or otherwise.   In the event it does,

Freescale requests that the Court order MediaTek to respond to Freescale's pending requests. *See* Exhibits 3-4.

To the extent the Court's Order permitting jurisdictional discovery was intended to exclude the production of documents, Freescale respectfully requests that the Court grant Freescale leave to serve MediaTek with up to thirty (30) document requests, including those set forth in Exhibit 3 (hereinafter "Requests"). Freescale's Requests are narrowly tailored to uncover information bearing directly on Freescale's stream of commerce theory, as well as documents produced by MediaTek in prior litigations related to the same issue. Specifically, the parties have addressed similar issues in litigation at the International Trade Commission involving one of the same patents and the same products at issue here.[1] Among the contested issues at the ITC was whether MediaTek knew, or should have known, that its products were being imported into and sold in the United States by VIZIO and AmTRAN.[2] In response to discovery served by Freescale, MediaTek produced certain documents and testimony regarding its relationship with AmTRAN and VIZIO, much of which is probative to MediaTek's distribution channels into the United States. That information, in addition to Freescale's other document requests, will provide the Court with a full and complete record with respect to

---

[1] *See* In The Matter Of Certain Integrated Circuits, Chipsets, and Products Containing Same Including Televisions, Investigation No. 337-TA-786; In The Matter Of Certain Integrated Circuits, Chipsets, and Products Containing Same Including Televisions, Investigation No. 337-TA-822.

[2] Demonstrating that a defendant's products have been imported or sold for importation into the United States is a jurisdictional threshold to recovery at the ITC. *See* 19 U.S.C § 1337(a)(1)(B)(i); *Amgen, Inc. v. United States Int'l Trade Comm 'n*, 902 F.2d 1532, 1536 (Fed. Cir. 1990); *Certain Inkjet Ink Cartridges With Printheads and Components Thereof*, Inv. No. 337-TA-723, Initial Determination at 7 (June 10, 2011) (noting that a complainant must prove that a respondent sold infringing articles and knew or should have known that those articles would be subsequently imported into the United States).

#4321294.2

whether personal jurisdiction over MediaTek is appropriate in this forum. Accordingly, production of documents related to jurisdictional discovery should be permitted at this stage.[3]

In sum, Freescale's Requests are narrowly tailored and seek information that is relevant and material to the stream of commerce theory articulated in Freescale's submissions regarding personal jurisdiction, and necessary for providing the Court with all pertinent facts needed to resolve the question of whether MediaTek is properly subject to personal jurisdiction in this forum. Accordingly, Freescale respectfully urges the Court to grant its request.

**B.    Freescale further requests that the Court extend the jurisdictional discovery period to avoid any prejudice that may result to Freescale and to allow a complete record.**

The Court Order, which issued on June 12, permitted jurisdictional discovery through August 2, 2013. Within three business days, Freescale served MediaTek with interrogatories and requests for production, and immediately inquired with MediaTek's counsel regarding a meet and confer to discuss 1) the scope of discovery, 2) expedited response times, and 3) an early identification of witnesses to facilitate coordinating and scheduling of depositions as quickly as possible. *See* Exhibit 1; *see also* Exhibit 3. During the meet and confer, MediaTek's counsel agreed to identify witnesses at some unknown point in the future, but refused to respond to Freescale's document requests, to provide answers to Freescale's interrogatories on an expedited schedule, or to extend the jurisdictional discovery period. MediaTek's counsel asserted that it hopes to avoid any disputes arising from Freescale's discovery, and expects that the parties can complete the depositions within the timeframe set by the Court. Freescale respectfully disagrees.

---

[3] Freescale asked MediaTek to provide documents produced during the ITC litigations prior to MediaTek's motion to dismiss for lack of personal jurisdiction to provide the Court with a more complete record on MediaTek's relationship to products sold in the United States and Texas. *See* Exhibit 2, attached hereto. MediaTek refused, contending that its relationships with VIZIO and AmTRAN are "irrelevant" to whether it is subject to personal jurisdiction in this forum. As the Court's Order makes clear, however, Freescale is permitted discovery on those very relationships to demonstrate MediaTek's role in the stream of commerce.

Despite having served discovery within three business days of the Court's Order, MediaTek's responses to that discovery are not due until July 17, 2013—less than two weeks prior to the Court's discovery deadline of August 2.  Upon receipt of MediaTek's responses, Freescale's counsel has only a very limited window in which to review MediaTek's answers, raise and resolve any disputes with MediaTek's counsel and the Court, and to take up to five depositions—all of which will likely take place in Taiwan and depend on information provided in the discovery responses.  While Freescale endeavors to avoid discovery disputes, these parties have disputed this very same issue in past litigations at the ITC, making satisfactory discovery responses in the first instance unlikely.  Given the burdens and time constraints associated with preparing for and taking depositions in Taiwan, and the chance that discovery disputes would either delay depositions or force depositions based on incomplete answers, the current deadline of August 2 could significantly prejudice Freescale's ability to conduct the permitted jurisdictional discovery.  An approximately one-month extension, on the other hand, would not prejudice either party.  Rather, a one-month extension would allow Freescale time to review MediaTek's responses, raise and resolve any disputes, and conduct the depositions provided in the Court's Order.  That additional time will, in turn, provide the Court with a more complete record by which to resolve the parties' dispute.  Accordingly, Freescale respectfully requests that the Court grant the requested extension.

### III.   CONCLUSION

Freescale respectfully requests an order from the Court clarifying whether document production is permitted during the jurisdictional discovery period provided by the Court's Order.  To the extent production of documents is not permitted, Freescale respectfully requests an order granting Freescale leave to serve MediaTek with requests for production related to the stream of commerce theory articulated and requiring MediaTek to produce those documents during the

jurisdictional discovery period.  Freescale further requests that the Court extend the jurisdictional discovery deadline by approximately one month: from August 2, 2013 to September 6, 2013.  A proposed Order granting Freescale's motion for leave is submitted herewith.

#4321294.2

-9-

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that counsel for Freescale conferred with MediaTek, Inc.'s counsel regarding the matters raised in this motion. Specifically, on June 18 and June 21, 2013, counsel for Freescale and MediaTek met and conferred with respect to the issues raised in this motion and MediaTek opposes the relief requested.


Dated: June 24, 2013                               /s/Alan D Albright
                                                   Alan D Albright

#4321294.2

Dated: June 24, 2013

Respectfully submitted,

By: /s/*Alan D Albright*
Alan D Albright
State Bar No. 00973650
Email:  alan.albright@bgllp.com
Barry K. Shelton
State Bar No. 24055029
Email:  barry.shelton@bgllp.com
Michael Chibib
State Bar No. 00793497
Email:  michael.chibib@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas  78701
(512) 472-7800
(512) 472-9123 fax

*Counsel for Plaintiff,*
*Freescale Semiconductor, Inc.*

-11-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on June 24, 2013:

All others will be served via e-mail.

*/s/ Alan D Albright*
Alan D Albright

#4321294.2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FREESCALE SEMICONDUCTOR, INC.** § | CIVIL ACTION NO. 1:12-cv-644-LY |
| § | (LEAD CASE) |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **FUNAI CORPORATION, INC.;** § | |
| **FUNAI ELECTRIC CO, LTD.;** § | |
| **CSR TECHNOLOGY, INC.; ZORAN** § | |
| **CORPORATION; MEDIATEK INC.;** § | |
| **MEDIATEK USA INC.;** § | |
| **VIZIO, INC.; SANYO ELECTRIC CO., LTD.;** § | |
| **SANYO NORTH AMERICA CORPORATION;** § | |
| **SANYO MANUFACTURING** § | |
| **CORPORATION; TPV TECHNOLOGY** § | |
| **LIMITED; TPV INTERNATIONAL (USA)** § | |
| **INC.; TOP VICTORY ELECTRONICS** § | |
| **(TAIWAN) CO., LTD.; TOP VICTORY** § | |
| **ELECTRONICS (FUJIAN) CO., LTD.;** § | |
| **ENVISION PERIPHERALS, INC.; AMTRAN** § | |
| **TECHNOLOGY CO., LTD;** § | |
| **AMTRAN LOGISTICS, INC., AND** § | |
| **MARVELL SEMICONDUCTOR, INC.** § | |
| § | |
| **Defendants.** § | |

**ORDER GRANTING FREESCALE'S MOTION FOR LEAVE TO SERVE REQUESTS
FOR PRODUCTION ON MEDIATEK AND AN EXTENSION OF TIME TO
<u>COMPLETE JURISDICTIONAL DISCOVERY</u>**

The Court having considered Freescale's motion for leave and MediaTek's opposition thereto, hereby finds that Freescale's requested relief has merit. Accordingly, the Court **GRANTS** Freescale's motion for leave to serve 30 requests for production regarding jurisdictional issues on MediaTek.

It is also hereby **ORDERED** that the parties complete jurisdictional discovery by September 6, 2013.

#4321294.2

So ORDERED, this the day _____ of June, 2013.

_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE