IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREESCALE SEMICONDUCTOR, INC., § § Plaintiff, § § § v. § § AMTRAN TECHNOLOGY CO., LTD.; § AMTRAN LOGISTICS, INC.; AOC § INTERNATIONAL (USA) LTD.; CSR § TECHNOLOGY, INC.; ENVISION § PERIPHERALS, INC., FUNAI § CORPORATION, INC.; FUNAI ELECTRIC § CO., LTD.; MARVELL SEMICONDUCTOR, § INC., MEDIATEK, INC.; MEDIATEK USA § INC.; SANYO ELECTRIC CO., LTD.; § SANYO NORTH AMERICA § CORPORATION; SANYO § MANUFACTURING CORPORATION; TOP § VICTORY ELECTRONICS (TAIWAN) CO., § LTD.; TOP VICTORY ELECTRONICS § (FUJIAN) CO., LTD.; TPV TECHNOLOGY § LIMITED; TPV INTERNATIONAL (USA) § INC.; VIZIO, INC.; AND ZORAN § CORPORATION. § Defendants. § | CAUSE NO. 1:12-CV-644-LY (LEAD CASE) |

**MEDIATEK, INC.'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR CLARIFICATION OF THE COURT'S ORDER GRANTING JURISDICTIONAL DISCOVERY (Dkt. No. 108), OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO SERVE REQUESTS FOR PRODUCTION ON MEDIATEK, AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE DEADLINE FOR COMPLETING JURISDICTIONAL DISCOVERY**

## I.     INTRODUCTION

Although Freescale Semiconductor, Inc. ("FSC") styles its motion as a motion for "clarification," in fact it is a motion to scrap the discovery procedure ordered by this Court. Following extensive briefing that demonstrated FSC has no basis to assert personal jurisdiction over MediaTek, Inc. ("MediaTek") other than a hoped for "stream of commerce" theory (*See* Dkt. 108 at 5),[1] the Court carefully balanced FSC's claimed need for jurisdictional discovery against the prejudice of subjecting MediaTek to discovery in a case where there is no demonstrated basis for jurisdiction. (*Id.* at 9-11.)  The balance the Court struck was to limit FSC to 50 interrogatories and 5 depositions "limited to the subject matter of Freescale's stream-of-commerce theory," to be completed on or before August 2, 2013. (*Id.*)  FSC now wants to dramatically change this balance to its favor in two ways.

*First*, FSC contends it is entitled to ***unlimited*** amounts of all other types of discovery, including document requests and requests for admissions (FSC Mot. at 4), and seeks "clarification" that when the Court said it would "permit Freescale to conduct ***limited*** jurisdictional discovery" (Dkt. 108 at 2)[2] it actually meant "***un***limited". (FSC Mot. at 4.)  In the alternative, FSC seeks leave to impose on MediaTek the prejudice that the Court found unwarranted in the form of document requests (including those set forth in Exhibit 3 of its Motion), and/or permission to incorporate those same document requests into its twenty-four topic 30(b)(6) deposition notice.  FSC's document requests are not at all confined to

---

[1] The Court succinctly articulated FSC's theory:  "Freescale claims MediaTek works closely with AmTran, a Taiwanese television manufacturer, and Vizio, one of the top-selling brands of LCD televisions in the United States, to facilitate substantial sales of the parties' products throughout the United States and Texas, primarily through Costco, Target, and Wal-Mart."  (Dkt. 108 at 5.)

[2] Emphasis appearing in quotations in this brief has been added unless otherwise noted.

jurisdictional discovery, as explained further below, but instead would expose MediaTek to substantial prejudice and expense.

*Second*, having made no attempt to comply with the Court's discovery schedule, FSC asks the Court *prospectively* to grant it a one-month extension because there is a **"chance"** that depositions might be delayed or it **"could"** otherwise be unable to meet the Court's deadline. (*See* FSC Mot. at 7).  FSC's speculative concerns, voiced before any interrogatory answer has come due or a single deposition question has been asked, do not warrant extending the Court's deadline.  Instead, FSC should take the limited jurisdictional discovery the Court has allowed in the time that the Court has permitted.  If, by August 2, FSC has failed to complete its jurisdictional discovery with good cause, that would be the time to seek leave.

## II.    ARGUMENT

### A.    The Court's Order Regarding Jurisdictional Discovery Is Appropriately Balanced And Requires No Clarification

On June 12, 2013, this Court issued an Order declining to permit jurisdictional discovery on a number of issues, but allowing FSC to conduct jurisdictional discovery "***limited to the subject matter of Freescale's stream-of-commerce theory.***"  (Dkt. 108 at 9.)  Specifically, the Order allows FSC to conduct limited jurisdictional discovery "to determine whether it can satisfy the more restrictive version of the stream-of-commerce theory or demonstrate any purposeful conduct on the part of MediaTek aimed at this forum." [3]  (*Id.* at 9.)  The Order provides that

---

[3]  As described in the Court's Order, the more restrictive version of the stream-of-commerce theory articulated by Justice O'Connor (writing for herself and three other justices) requires that "there must be some additional conduct, such as advertising, marketing, or providing advice to customers ***in the forum***, before due process is satisfied."  (Dkt. 108, at 6) (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 116 ( 1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."))

2

"Freescale may conduct jurisdictional discovery **limited to a maximum of 50 interrogatories to MediaTek and not more than five depositions**." (*Id.* at 11.) The Order further provides that "[a]ll such discovery shall be completed *on or before August 2, 2013*," and "[a]ll interrogatories must be propounded at such a time to allow all answers to be filed on or before August 2, 2013." (*Id.* (emphasis in original).)

The limitations the Court placed on FSC's jurisdictional discovery properly weigh FSC's claimed discovery needs against the burdens and costs being placed on a party with no identified contacts with this District. *See, e.g., GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1026 (7th Cir. 2009) ("Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists.") FSC's reading of this Order, by contrast, seeks to eviscerate the Court's carefully struck balance. In particular, FSC argues that the Court's Order "provid[es] a limitation on interrogatories and depositions, which are discovery devices typically limited under the Federal Rules," but leaves open "all other types of discovery." (FSC Mot. at 4.) From this false premise, FSC then argues that it gets the benefit of not only the 50 interrogatories (double the number anticipated in the Federal Rules of Civil Procedure)[4] and five depositions expressly provided for in the Order – but that it is also entitled to serve an *unlimited amount of all other types of discovery*, including document requests and requests for admission. (*Id.*) FSC's reading of the Order is clearly contrary to the Court's grant of "limited jurisdiction discovery" and should be rejected. (Dkt. 108 at 2, 11.)

As an alternative, FSC requests the Court grant it leave to serve MediaTek with up to thirty (30) document requests (including those set forth in Exhibit 3 of its Motion), or allow it to incorporate those same document requests into its amended 30(b)(6) deposition notice. (FSC

---

[4] *See* Fed. R. Civ. P. 33(a) (Limiting interrogatories to twenty-five (25), including discrete subparts, absent leave of court.)

3

Mot. at 4-5; *compare* Exs. 3, 4.)  As discussed in more detail immediately below, FSC's document requests are beyond the scope permitted by the Court's Order, and granting FSC leave to serve them would be unfairly prejudicial to MediaTek.  *See, infra,* § II.B.  MediaTek alone would incur the burden and expense of reviewing and producing documents if forced to respond to FSC's unnecessary requests.  Moreover, the costs of searching for, collecting, reviewing, and producing documents responsive to FSC's expansive requests would dwarf the discovery costs that have otherwise been permitted in this case.  (*See* Dkt. 29 at 3, 5-6) (The Court's Order limiting discovery in this case to claim-construction issues only.)

FSC's attempt to impose additional burdens on MediaTek in the form of discovery the Court has already considered and found unwarranted should be rejected.

### B. FSC's Proposed Discovery Requests Are Neither Necessary Nor Limited To Its "Stream-of-Commerce" Theory

FSC's attempted document requests should be rejected not just because they violate the Court's restrictions on the *types* of permitted discovery, but also because they violate the Court's *substantive* restriction that discovery be "limited to the subject matter of Freescale's stream-of-commerce theory."  (Dkt. 108 at 9.)

#### 1. FSC's Request for ITC Materials Is Unnecessary

As an initial matter, FSC's brief argues at some length that MediaTek should be ordered to produce documents in this case from separate ITC investigations between the parties – Investigation No. 337-TA-786 and 337-TA-882 (the "ITC Investigations").  (*See* FSC Mot. at 4-6.)  This argument wastes judicial resources.  Not only had MediaTek *already* proposed a cross-use agreement that would permit FSC to use these materials from the ITC Investigations before FSC filed this motion, FSC's counsel had *already agreed* in principle before filing this motion. (Mock Decl. at ¶¶ 3-4.)  Specifically, MediaTek's counsel proposed to FSC on June 21, 2013

4

that the parties agree to allow for the cross-use in this case of discovery materials produced by MediaTek and FSC in the ITC Investigations.  (*Id.* at ¶ 3.)  FSC's counsel agreed in principle to the proposed cross-use agreement on June 24, and further agreed that the parties would work to draft a stipulation memorializing the agreement.  (*Id*. at ¶ 4.)  Only after this agreement had been struck did FSC file the present motion late in the day on June 24.  Having already agreed on cross-use of the materials from the ITC investigations, FSC's argument that "MediaTek refuses to produce those documents or that testimony at this time" (*see* FSC Mot. at 2) is incorrect.

FSC is also wrong to assert that ITC materials have probative value.[5]  Discovery in the ITC was irrelevant to the sole issue on which this Court granted jurisdictional discovery – whether there is "any purposeful conduct on the part of MediaTek *aimed at this forum*." (Dkt. 108 at 9.)  That issue was simply never addressed there because the ITC investigations did not involve Texas as a judicial forum.  (*See* FSC Mot. at Ex. 2.)

Regardless, because the parties agreed to the cross use of ITC materials before FSC filed this motion, this issue is moot.

### 2. FSC's Document Requests Should Be Rejected as Unduly Burdensome And Beyond the Scope of the Court's Order

In its motion, FSC argues that its documents requests are relevant to "whether MediaTek knew, or should have known, that its products were being imported into and sold in the *United States* by Vizio and AmTRAN."  (FSC Mot. at 5.)  As the Court's Order recognizes, this is not the appropriate inquiry.  (Dkt. 108 at 8.)  Instead, the legally relevant question is whether there

---

[5] Absent having reached a cross-use agreement amongst the parties, FSC's discussion of these materials in its Motion would be a violation of the protective order.  The protective order prohibits the use of confidential business information produced in the ITC for any purpose other than the ITC investigation.  (*See* FSC Mot. at 2, 5; Mock Decl. at Ex. A).  As FSC has indicated, "[it] is well aware of the obligations imposed under the protective orders issued at the ITC." (FSC Mot. at Ex. 2).

5

is "any purposeful conduct on the part of MediaTek *aimed at this forum*." (*See* Dkt. 108 at 6 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 116 ( 1987).)  Because FSC's document requests are – by its own admission – directed at the entire "United States," they are not tailored to seek the limited jurisdictional discovery permitted by the Court.

Indeed, even a cursory review of FSC's requests demonstrates that FSC is engaged in an unfocused and oppressive fishing expedition – broadly seeking generalized information on MediaTek's business relationships.[6]  Requests 21 and 22 are prime examples:

> **REQUEST NO. 21:**
> *All* documents referring or relating to Your business relationship with VIZIO.
>
> **REQUEST NO. 22:**
> *All* documents referring or relating to Your business relationship with AmTRAN.

(*See* FSC Mot. at Exs. 3, 4.)  These requests are *not* limited to whether MediaTek engaged in any purposeful conduct aimed at this forum; in fact, they are not even limited to the United States.  Every document MediaTek has exchanged with VIZIO or AmTRAN anywhere in the world – indeed every MediaTek document world-wide that so much as mentions either company – is within the scope of these requests.  And these are just the tip of the iceberg.[7]

Beyond being simply being an impermissible type of discovery under the Court's Order, these requests should thus also be rejected because they are not limited to the narrow subject matter on which the Court permitted discovery.  (Dkt. 108 at 9.)  *See 21st Century Financial Services, Inc. v. Mandelbaum,* Case No. A-10-CA-803-YL, 2011 WL 2844209, at *2 (W.D. Tex. Aug. 30, 2011) ("the Fifth Circuit has approved the denial of jurisdictional discovery where the

---

[6] FSC filed this Motion exactly one-week after serving its requests on MediaTek.  MediaTek is thus still reviewing FSC's requests and is unable to articulate all of its relevant objections at this time.  However, even a cursory review of FSC's requests demonstrates that they are unduly burdensome and not limited to the narrow subject matter on which the Court permitted discovery.

[7] *See, e.g.,* FSC's Request Nos. 1-10 (FSC Mot. at Exs. 3, 4).

discovery sought 'could not have added any significant facts.'" (*citing Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855* (5th Cir.), *cert. denied*, 531 U.S. 979, 121 S.Ct. 426, 148 L.Ed.2d 435 (2000)).); *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir.2009) (finding that parties are "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.").

FSC's improper document requests are also unduly burdensome and prejudicial to MediaTek. The requests seek, for example, extensive electronic discovery in the form of email.[8] As the Federal Circuit Advisory Council explains in its Model E-discovery Order, such requests are notoriously burdensome and prejudicial  (*See* Mock Decl., Ex. B at 2 ("Excessive e-discovery, including disproportionate, overbroad email production requests, carry staggering time and production costs that have a debilitating effect on litigation.")) and, contrary to the model's recommendations, FSC's requests do not limit the number of custodians and search terms, nor does FSC propose to bear the costs of discovery that exceeds such limits. (*See id.* at 3.) FSC's requests are aimed not so much at jurisdictional discovery as forcing MediaTek to expend vast sums and hours searching, reviewing and producing largely irrelevant material. These are burdens, moreover, that FSC proposes to foist on MediaTek alone. FSC should not be permitted to breach the Court's carefully balanced grant of limited jurisdictional discovery in this manner.

Contrast against the burdens it seeks to impose, FSC fails to identify *any* prejudice it would face if the Court denies its petition for document discovery. FSC likewise offers no reason why the 50 interrogatories and 5 depositions the Court has permitted are in any way insufficient. Because answers to its interrogatories have yet to come due, and because FSC has

---

[8] *See, e.g.,* FSC's Request Nos. 16-20, 24 (FSC Mot. at Exs. 3, 4.)

yet to question any witness, it is in no position to critique the effectiveness of the Court's permitted discovery. And FSC's silence on these issues is particularly telling when contrast against the sworn evidence MediaTek has already submitted demonstrating that it has ***never***:

1. sold a single accused chip in Texas (Ex. B to MediaTek's Motion to Dismiss, 2/1/13 Declaration of Alex Chen, Dkt. No. 62, ("Chen Decl."), ¶ 10);

2. made, used, offered for sale, or imported a single accused chip in Texas (*id.*);

3. sold an accused chip to a third-party knowing that the third-party would ultimately use, sell, offer for sale, or import that chip to Texas (whether as a stand-alone chip or incorporated in the third-party's downstream product) (*id*. at ¶¶ 7, 10-11);

4. targeted advertising or marketing in or towards Texas (*id.* at ¶ 14);

5. made any direct sales of the accused products to either AmTRAN or VIZIO (*id.* at ¶ 23);

6. had any role in these entities' sale of their products in the United States or within Texas (*id.*);

7. maintained a distributor in or for Texas or otherwise targeted or directed any of its business operations to Texas residents (*id.* at ¶ 9); or,

8. purposefully directed any activities of any type toward this forum (i*d.* at ¶¶ 6-11).

Given these facts, FSC should not be entitled to expand its discovery requests at MediaTek's expense.

### C.    Freescale's Requested Extension Is Premature And Would Unfairly Prejudice MediaTek

Freescale fails to articulate any prejudice resulting from the Court's current schedule permitting jurisdictional discovery through August 2, 2013, and makes no attempt to comply with that schedule. (*See* Dkt. 108 at 11.) Instead, Freescale filed the present Motion – one week after serving its discovery requests – asking the Court to grant it a one-month extension because there is a ***"chance"*** that depositions might be delayed, or FSC ***"could"*** fail to complete its discovery by the deadline. (FSC Mot. at 7.) FSC's speculative concerns do not constitute prejudice, and the reasonable limits this Court has placed on the time for jurisdictional discovery

are appropriate. *See, e.g, Barreiro v. Model Power Intern. Corp.,* 209 F.3d 719 (5th Cir. 2000) ("The court did not abuse its discretion in limiting jurisdictional discovery to a reasonable period of time.")

In fact, what FSC's brief calls "prejudice" is a circumstance of its own making. FSC argues that MediaTek's responses are not due until roughly two weeks prior to the discovery deadline, and that it might be difficult to complete five depositions in two weeks. *Id.* But if this is a legitimate concern (and it is not), FSC fails to explain why it waited nearly a week before serving its interrogatories. FSC articulated its stream-of-commerce theory as early as February (*see* Dkt. 73 at 1), and thus should have known the questions that it needed answered long before the Court's order permitting limited discovery on this theory. FSC likewise fails to explain why it must wait for interrogatory answers to start taking depositions. Surely FSC knows what questions it wants answered by a jurisdictional witness. And even assuming FSC makes the tactical choice to wait for interrogatory answers, FSC identifies no reason why nearly two full weeks is insufficient time to conduct five depositions. FSC has chosen a large firm to represent it in this litigation, and three different lawyers have already appeared on behalf of FSC in this case. Two weeks is ample time for FSC's counsel to complete these depositions.

Similarly, FSC's speculation that discovery disputes could delay its depositions is unfounded. As FSC admits in its motion, MediaTek's counsel has demonstrated its willingness to work with FSC to complete the depositions within the timeframe set by the Court. (*See* FSC Mot. at 6.) FSC's argument that it should be given an extension because MediaTek would not agree to expedited response times or an early identification of witnesses, is wholly without merit. The Court, of course, was well aware of the statutory deadlines when it issued its order, and MediaTek's counsel has already volunteered to provide early identification of witnesses in

9

response to FSC's 30(b)(6) notice, in order to facilitate orderly depositions within the court-ordered deadlines.  (Hawkinson Decl. at ¶ 3.)

The Federal Rules, moreover, provide a party with 30 days to serve answers and objects to interrogatories for good reason – this time allows a party to properly investigate the questions posed and formulate written responses, which must be signed under oath.  *See* Fed. R. Civ. P 33(b).  This 30-day deadline is routinely extended by mutual agreement, although MediaTek will not seek an extension to the current interrogatories.  FSC's suggestion that MediaTek should be prejudiced with insufficient time to respond to the interrogatories, particularly when FSC delayed in serving its discovery requests, is clearly improper.

Finally, FSC's casual assertion that neither party would be prejudiced by a one-month extension ignores the fact that MediaTek is ***already*** being prejudiced by litigation in a forum in which it has no contacts – litigation, in other words, that violates MediaTek's due process interests.  Extending this prejudice even a day longer than absolutely necessary is improper.  Instead of extending this prejudice, FSC should take the jurisdictional discovery allowed in the time the Court has permitted.  If at the end of that period FSC has specific and justified unmet discovery needs, only then should an extension for those limited purposes be contemplated.

### III.   CONCLUSION

For the reasons set forth above, MediaTek respectfully requests that the Court deny FSC's request for additional jurisdictional discovery and one-month extension of the jurisdictional discovery deadline.


Dated:  July 1, 2013                                        Respectfully submitted,


                                                            By:     /s/ Keith Slenkovich

Keith L. Slenkovich *(pro hac vice)*
Nathan L. Walker *(pro hac vice)*
Matthew J. Hawkinson *(pro hac vice)*
Tobias Mock *(pro hac vice)*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94034
Tel. (650) 858-6000
Fax. (650) 858-6100
Keith.Slenkovich@wilmerhale.com
Nathan.Walker@wilmerhale.com
Matthew.Hawkinson@wilmerhale.com
Tobias.Mock@willmerhale.com

Michael E. Richardson (SBN 24002838)
BECK REDDEN LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
mrichardson@brsfirm.com

**COUNSEL FOR DEFENDANT
MEDIATEK, INC.**

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service via the Court's notification system.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy in pdf format via e-mail on July 1, 2013.

              By:  <u>/s/ Keith Slenkovich</u>
                 Keith Slenkovich

                 **COUNSEL FOR DEFENDANT**
                 **MEDIATEK, INC.**