# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREESCALE SEMICONDUCTOR, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| AMTRAN TECHNOLOGY CO., LTD.; AMTRAN LOGISTICS, INC.; AOC INTERNATIONAL (USA) LTD.; CSR TECHNOLOGY, INC.; ENVISION PERIPHERALS, INC., FUNAI CORPORATION, INC.; FUNAI ELECTRIC CO., LTD.; MARVELL SEMICONDUCTOR, INC., MEDIATEK, INC.; MEDIATEK USA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SANYO MANUFACTURING CORPORATION; TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD.; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD.; TPV TECHNOLOGY LIMITED; TPV INTERNATIONAL (USA) INC.; VIZIO, INC.; AND ZORAN CORPORATION. | § § § § § § § § § § § § § § § § § § § | CAUSE NO. 1:12-CV-644-LY |
| Defendants. | § § | |

**DECLARATION OF ALEX CHEN IN SUPPORT OF MEDIATEK INC.'S RENEWED MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT**

-2-

I, Alex Chen, declare as follows:

1.  I am the General Manager of "Corporate Sales and Account Management I" at MediaTek Inc. ("MediaTek"). I have been employed by MediaTek since 2001.

2.  I submit this Declaration in support of MediaTek's motion to dismiss the Consolidated Amended Complaint filed by Plaintiff Freescale Semiconductor, Inc. ("Complaint"). I am over the age of eighteen and have personal knowledge of and/or have confirmed or otherwise investigated and am competent to testify about the factual matters asserted herein.

3.  I have served as General Manager of "Corporate Sales and Account Management I" at MediaTek since 2009. In that position, I have responsibilities for overseeing the sales of MediaTek DTV (digital TV) products and other MediaTek products, including the following DTV products which I understand have been identified as accused products in the Complaint: MT5387IFSU, MT5387JFSU, MT5392DVMJ, MT5392UVSJ, MT5395AUFJ, and MT5395EUFJ. Between 2001 and 2004, I served as Sales Manager at MediaTek and was responsible for the sales of MediaTek Optical Storage products and other MediaTek products. Between 2004 and 2009, I served as Director of Marketing and Sales at MediaTek and was responsible for the marketing and sales of MediaTek Optical Storage products and other MediaTek products.

4.  MediaTek is a company incorporated under the laws of Taiwan with its principal place of business located at No. 1, Dusing 1st Rd., Hsinchu Science Park, Hsinchu City 30078, Taiwan, Republic of China.

5.  MediaTek is a "fabless" semiconductor design company, which refers to the fact that MediaTek designs semiconductor chips but does not manufacture them. MediaTek's chips are manufactured in Asia by third parties known as "foundries."

6.  MediaTek sells its chips to customers in Asia, primarily in Taiwan and mainland China. In general, MediaTek has two types of customers: (i) third-party distributors, which purchase chips from MediaTek in Asia for resale to customers in Asia; and (ii) "direct" customers located primarily in Asia which purchase chips from MediaTek for their own use or for incorporation into downstream products. To the best of my knowledge and belief, MediaTek does not, and has never had, any customer located in Texas.

7.  MediaTek has never controlled, participated in, tracked, or monitored the use or further sale of its products after sale by MediaTek or its distributors. After a third-party purchases a chip from MediaTek or one of its distributors, MediaTek has no input or control over how that chip is used in the third-party's products, and has no role in or knowledge of any subsequent shipment or sale of such third-party products by those third parties. MediaTek does not know whether any of its chips ever reach Texas, whether alone or as components of downstream products.

8.  MediaTek has never been authorized, registered, or licensed to do business in Texas. MediaTek has never maintained any office, business operation, warehouse, storage facility, business place, distribution point, or other infrastructure in Texas. MediaTek has never maintained a bank account, telephone, fax number or mailing address in Texas. MediaTek has never owned, rented, or leased any real or personal property in Texas.

9.  To the best of my knowledge and belief, MediaTek has not made, used, offered for sale, sold, or imported its chips in or into Texas—either directly or through intermediaries

(including distributors, retailers, and others). Nor has MediaTek induced or contributed to the efforts of others to make, use, sell, offer for sale, or import any of its chips in or into Texas. Nor has MediaTek shipped or distributed its chips to or in Texas. Nor has MediaTek had a distributor for Texas, or otherwise had an established distribution channel for bringing its chips to Texas. Nor has MediaTek targeted or directed any of its business operations to residents in Texas.

10. To the best of my knowledge and belief, MediaTek has never had an expectation that its own chips, as stand-alone chips, would be sold to consumers in Texas, and none have. MediaTek has no reason to believe that any third party who incorporates a MediaTek chip into their product (over whom MediaTek has no control) would turn around and direct sales of their products into Texas (as opposed to Asia or anywhere else in the world). To the best of my knowledge and belief, MediaTek has never sold any product knowing or intending that it would be purchased by consumers in Texas.

11. MediaTek has never paid income taxes, payroll taxes, or personal property taxes to any state or local taxing authority in Texas.

12. MediaTek has never had a registered agent authorized to accept service of process in Texas.

13. MediaTek has never been incorporated in Texas.

14. MediaTek has never, directly or through intermediaries, marketed or advertised in print, radio, television or any other media originating from Texas or targeting Texas for distribution. MediaTek has never tailored its advertising or marketing to Texas.

15. MediaTek has never tailored its products for consumers in Texas.

16. MediaTek has never used an "interactive" to solicit business in Texas.

MediaTek's website (http://www.mediatek.com) provides information about MediaTek, MediaTek's products, and MediaTek subsidiaries. The website does not now solicit or process orders from Texas or elsewhere, nor has it ever done so. MediaTek's website does not permit, nor has it ever permitted, users to complete orders through the website, nor does the website list prices.

17. To the best of my knowledge and belief, between 2010 and 2012 MediaTek seconded nine employees to the Austin office of MediaTek USA (then MediaTek Wireless Inc.). Each of the seconded employees is scheduled to return to MediaTek in Taiwan after a limited period of up to one to three years. This is the only employee contact MediaTek has ever had with the State of Texas; MediaTek has no directors, officers, agents, or (apart from its seconded employees) any employees resident in Texas. To the best of my knowledge and belief, MediaTek has never sent any employee to Texas to sell products, solicit business, attend trade shows, enter into agreements, or perform warranty work.

18. Neither the nine seconded employees nor anyone else at MediaTek USA's Austin office has performed work on any MediaTek DTV products, including the following products which I understand have been identified as accused products in the Complaint: MT5387IFSU, MT5387JFSU, MT5392DVMJ, MT5392UVSJ, MT5395AUFJ, and MT5395EUFJ. Neither the nine seconded employees nor MediaTek USA has had any role in marketing, offering for sale, selling, facilitating sales, or distributing MediaTek products to or in Texas. In Texas, those employees (and MediaTek USA) have performed only research and development work on non-DTV products.

19. To the best of my knowledge and belief, MediaTek does not (and has not) sold integrated-circuit products to AmTRAN, VIZIO, TPV, or Funai, including the integrated-circuit

products which I understand have been identified as accused products in the Complaint: MT5387IFSU, MT5387JFSU, MT5392DVMJ, MT5392UVSJ, MT5395AUFJ, and MT5395EUFJ. Nor has MediaTek actively worked with these entities to facilitate sales of their products in the United States or within Texas.

20. To the best of my knowledge and belief, MediaTek has conducted research and development activities in San Jose, California in connection with one or more of the integrated-circuit products which I understand have been identified as accused products in the Complaint: MT5387IFSU, MT5387JFSU, MT5392DVMJ, MT5392UVSJ, MT5395AUFJ, and MT5395EUFJ.

21. In preparation for testifying in response to Freescale's 30(b)(6) notice, I interviewed MediaTek employees whose job responsibilities cover sales and marketing with respect to the accused MediaTek products. Those employees are Russell Yin, Gary Du, and Corey Hsieh.

22. In addition, I enlisted the help of Jacob Chen in MediaTek's audit department to conduct a search of the email archives of Ryan Chen, Russell Yin, Andy Chu, Gary Du, and Corey Hsieh, as well has my own email repository.

23. Through the interviews and the email search, I attempted to find any information that might exist to suggest purposeful conduct on the part of MediaTek aimed at Texas. However, the interviews and the email search uncovered no evidence of any activity specifically directed at the State of Texas.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16 day of August, 2013, in Hsinchu, Taiwan.

_____
Alex Chen