# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **FREESCALE SEMICONDUCTOR, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. A-12-CV-644-LY** |
| | § | **(LEAD CASE)** |
| **AMTRAN TECHNOLOGY CO., LTD.;** | § | |
| **AMTRAN LOGISTICS, INC.;** | § | |
| **CSR TECHNOLOGY, INC.; ENVISION** | § | |
| **PERIPHERALS, INC., FUNAI** | § | |
| **CORPORATION, INC.; FUNAI** | § | |
| **ELECTRIC CO., LTD.; MARVELL** | § | |
| **SEMICONDUCTOR, INC.; MEDIATEK,** | § | |
| **INC.; MEDIATEK USA INC.; SANYO** | § | |
| **ELECTRIC CO., LTD.; SANYO NORTH** | § | |
| **AMERICA CORPORATION; SANYO** | § | |
| **MANUFACTURING CORPORATION;** | § | |
| **TOP VICTORY ELECTRONICS** | § | |
| **(TAIWAN) CO., LTD.; TOP VICTORY** | § | |
| **ELECTRONICS (FUJIAN) CO., LTD.;** | § | |
| **TPV TECHNOLOGY LIMITED; TPV** | § | |
| **INTERNATIONAL (USA) INC.; VIZIO,** | § | |
| **INC.; AND ZORAN CORPORATION,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## FREESCALE SEMICONDUCTOR INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Freescale Semiconductor, Inc. ("Freescale") hereby submits the attached Order issued from the Eastern District of Texas on September 12, 2013, regarding personal jurisdiction for the Courts consideration.

By:  /s/ *Alan D Albright*
       Alan D Albright
       State Bar No. 00973650
       Email:  alan.albright@bgllp.com
       Barry K. Shelton
       State Bar No. 24055029
       Email:  barry.shelton@bgllp.com
       Michael Chibib
       State Bar No. 00793497
       Email:  michael.chibib@bgllp.com
       BRACEWELL & GIULIANI LLP
       111 Congress Avenue, Suite 2300
       Austin, Texas  78701
       (512) 472-7800
       (512) 472-9123 fax

**Counsel for Plaintiff,**
**Freescale Semiconductor, Inc.**

## CERTIFICATE OF SERVICE

       I certify that on September 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.  I further certify that I have served via e-mail pdf to all non-CM/ECF participants.

       /s/ *Alan D Albright*
       Alan D Albright

# Attachment

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANIZATION, §§§§§ | |
| Plaintiff, §§ | |
| v. § | Case No. 6:12-CV-578 |
| MEDIATEK INC., ET AL., §§§ | |
| Defendants. §§ | |

## ORDER

Before the Court is Defendant Realtek Semiconductor Corp.'s Motion to Dismiss Pursuant to Rule 12(b)(3) for Improper Venue (Docket No. 97). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Commonwealth Scientific and Industrial Research Organization ("CSIRO") filed this action for direct and indirect infringement of U.S. Patent No. 5,487,069 (the "'069 Patent") against Realtek Semiconductor Corp. ("Realtek") and several other defendants in August 2012. Realtek is a corporation organized under Taiwanese law with its principal place of business in Taiwan.

## APPLICABLE LAW

Venue in patent infringement actions is controlled exclusively by 28 U.S.C. § 1400(b) and is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §

1400(b); *In re Cordis Corp.*, 769 F.2d 733, 734–35 (Fed. Cir. 1985). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990); *see* 28 U.S.C. § 1391(c).

The question of personal jurisdiction in the context of venue is limited to the judicial district where the suit was brought. Therefore, a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper. *See* 28 U.S.C. § 1391(d) ("[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."); *VE Holding Corp.*, 917 F.2d at 1583.

The minimum contacts requirement may be met by a plaintiff showing either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Helicopteros*, 466 U.S. at 414–16). In the case of corporate defendants, it is proper for a court to exercise general jurisdiction when a corporation is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

"Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus.*, 232 F.3d at 1375 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). Therefore, a court may exercise specific

jurisdiction over a defendant when the defendant purposefully directed its activities at residents of the forum state, the claim arises out of or relates to the defendant's activities within the forum state, and the assertion of personal jurisdiction is reasonable and fair. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). A plaintiff bears the burden of proving that minimum contacts exist through the first two requirements, while a defendant bears the burden of proving that the exercise of jurisdiction would be unreasonable, corresponding to the third requirement. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

## ANALYSIS

Realtek argues venue is improper because it is not subject to personal jurisdiction in this district since it has no employees, assets, operations, or business in this district and does not direct any of its activities toward residents of this district. Docket No. 97 at 5–6. Realtek admits that products sold in the Eastern District contain integrated circuit chips ("IC chips") manufactured by Realtek, but asserts that Realtek is not related to the companies that made, used, sold, offered to sell, or imported those products into the Eastern District. *Id.* at 6. Instead, Realtek explains that it sells IC chips to foreign distributors outside the United States, which then sell the Realtek chips exclusively to foreign module makers and foreign original equipment manufacturers, which then integrate Realtek's IC chips into products eventually sold worldwide, including in the Eastern District. *Id.* at 7. CSIRO maintains that because Realtek sells the accused products into distribution channels knowing that those products will be sold in the Eastern District of Texas, Realtek is subject to personal jurisdiction in this district under the stream of commerce theory. CSIRO therefore argues that since Realtek is subject to personal jurisdiction in this district, venue is proper.

Under the stream of commerce theory, a corporation subjects itself to personal jurisdiction in a forum when it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). It is reasonable to subject a manufacturer or distributor to jurisdiction when the sale of its product in the forum is not merely an isolated occurrence, but stems from the defendant's efforts to serve the market in the forum. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (citing *World-Wide Volkswagen*, 444 U.S. at 297).

When the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). Further, courts will resolve all factual conflicts in favor of the party seeking jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Based on the evidence presented, CSIRO has demonstrated that Realtek placed its products into the stream of commerce with knowledge and intent that they would be sold in the Eastern District of Texas. *See ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 119–20 (E.D. Tex. 2009) (finding that evidence of sale of defendant's products into a nationwide distribution network along with evidence that the products were available in Texas supported exercising personal jurisdiction over a defendant).

Realtek describes itself as "one of the world's leading IC providers." Docket No. 103 at 1. Realtek is a member of the Austin-based Wi-Fi Alliance, a wireless industry consortium. *Id.* at 6. Realtek also obtains the FCC approvals required to sell its wireless products in the United States. *Id.* These actions show that the United States is a critical market where Realtek directs

its activities and intends to sell a large number of its IC chips. Within the United States, Texas is the second most populous state. The Eastern District of Texas includes two of the ten most populated counties in Texas and several counties within the Eastern District form portions of two of the ten largest metropolitan areas in the United States. Thus, Realtek cannot target the U.S. wireless market without targeting the Eastern District of Texas. *See Beverly Hills Fan Co.*, 21 F.3d at 1564, 1566–68 (holding that an ongoing distribution relationships leading to a significant number of accused products being sold in the forum was sufficient for exercise of personal jurisdiction); *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d. 859, 867–68 (E.D. Tex. 2012) (finding that placing the accused products in the stream of commerce, knowing the destination of the products, and reaping the benefit of sales in the forum was sufficient to exercise personal jurisdiction over the defendant); *Dram Techs. LLC v. America II Grp., Inc.*, No. 2:10-cv-45-TJW, 2011 WL 4591902, at *2–4 (E.D. Tex. Sept. 30, 2011) (finding personal jurisdiction proper where evidence existed that significant quantities of foreign manufacturer's chips were actually sold in Texas solely through stream of commerce); *cf. Bluestone Innovations Tex., LLC v. Formosa Epitaxy Inc.*, 822 F. Supp. 2d 657, 662–63, 665, 666 (E.D. Tex. 2011) (declining to exercise personal jurisdiction over defendants where plaintiff provided no evidence that any accused product was ever actually sold in the forum or that there was a "regular . . . flow" or "regular course" of sales in the forum). By targeting the U.S. market, including the Eastern District, placing its products into the stream of commerce, and knowing that a significant number of its accused IC chips will end up in the Eastern District, Realtek has the minimum contacts necessary to justify personal jurisdiction in this district.

Finally, Realtek has not established that the exercise of personal jurisdiction over it offends traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326

U.S. 310, 316 (1945).  Realtek argues that neither it, nor its witnesses, nor evidence are located within this district, thus litigating here would be a substantial burden.  Docket No. 97 at 9. However, communication with and travel to a foreign tribunal alone is not sufficient to prove that the exercise of personal jurisdiction is unfair.  *ATEN Int'l Co. Ltd.*, 261 F.R.D. at 120 (citing *World-Wide Volkswagen*, 444 U.S. at 294) ("It is well recognized that modern communication and transportation have made defending a lawsuit in a foreign tribunal less burdensome."). Realtek has therefore failed to show that this is one of those rare cases where the Eastern District's interests are so attenuated that they are clearly outweighed by any burden imposed upon Realtek.

Based on the stream of commerce theory, CSIRO has shown that Realtek has the necessary minimum contacts for the Eastern District to exercise specific personal jurisdiction over Realtek.  Further, Realtek has not demonstrated that the exercise of jurisdiction offends traditional notions of fair play and substantial justice.  Because personal jurisdiction is justified, Realtek "resides" in the Eastern District of Texas for purposes of 28 U.S.C. § 1400(b) and venue is proper here.

## CONCLUSION

For the aforementioned reasons, Realtek's Motion to Dismiss for Improper Venue is **DENIED**.

**So ORDERED and SIGNED this 12th day of September, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**