UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREESCALE SEMICONDUCTOR, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| AMTRAN TECHNOLOGY CO., LTD.,; AMTRAN LOGISTICS, INC.; CSR TECHNOLOGY, INC.; ENVISION PERIPHERALS, INC.; FUNAI CORPORATION, INC.; FUNAI ELECTRIC CO., LTD.; MARVELL SEMICONDUCTOR, INC.; MEDIATEK, INC.; MEDIATEK USA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SANYO MANUFACTURING CORPORATION; TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD.; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD.; TPV TECHNOLOGY LIMITED; TPV INTERNATIONAL (USA) INC.; VIZIO, INC.; AND ZORAN CORPORATION. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:12-CV-644-LY |
| Defendants. | § § § | |

**RESPONSE OF DEFENDANTS FUNAI ELECTRIC CO., LTD. AND
FUNAI CORPORATION, INC. IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

I.  **INTRODUCTION**

Defendants Funai Electric Co., Ltd. and Funai Corporation ("Funai") oppose Plaintiff Freescale Semiconductor, Inc.'s ("Freescale") Motion for Leave to File a Third Amended Complaint ("Motion") with respect to ¶¶ 54-71, which relate to Funai.[1] Freescale's purported Third Amended Complaint, as it relates to Funai, is untimely and improper at this juncture. Three years after this case was first filed, two years after MediaTek[2] was added as a defendant and Funai identified some of the specific products Freescale now seeks to add, and eight months after Freescale was ordered to file a consolidated Amended Complaint containing all of its allegations, Freescale's proposed Third Amended Complaint seeks to assert infringement against entirely new groups of Funai products that contain MediaTek integrated circuits ("ICs") and that to date have not been accused of infringement.

The Court has twice before permitted Freescale to amend its Complaint: once to specify the products that it accused of infringement and once to assert new claims of infringement. That some of Funai's products contained MediaTek ICs, and at least some of the specific ICs that were used, was no secret to Freescale. Yet both times Freescale amended its Complaint, the only Funai products that Freescale claimed infringed the asserted patents used Zoran ICs. There was no reference to MediaTek or MediaTek ICs in this context. The Court on January 14 also ordered Freescale to serve by March 1 its infringement contentions stating the basis for its claims against Funai products. In response, Freescale limited its contentions against Funai to products containing Zoran ICs. Freescale failed to offer contentions for a single MediaTek IC that it knew was used by Funai. Instead, Freescale accused, and provided infringement contentions for, entirely different MediaTek products.

---

[1] Funai does not oppose the Motion to the extent that it seeks to amend claims with respect to any remaining Defendants.
[2] "MediaTek" shall collectively refer to Defendants MediaTek, Inc. and MediaTek USA, Inc.

2

Upon settling its dispute with Zoran, realizing that the only basis for relief against Funai in its current Complaint and infringement contentions are products containing Zoran ICs, and that based on the current complaint Funai should properly be dismissed, Freescale now belatedly seeks to assert infringement by an entirely new set of products that it alleges contain not Zoran, but MediaTek ICs. Allowing amendment at this date would be both unduly prejudicial to Funai and reward Freescale for its dilatory accusations of new products, and Funai therefore requests that the Court deny Freescale's Motion with respect to Funai.

## II.     FACTUAL BACKGROUND

On March 1, 2010 Freescale brought a complaint at the International Trade Commission ("ITC") accusing Funai of infringing claims 1, 8, 9, 10, 22 and 26 of the '455 patent. *See* Complaint, Inv. No. 337-TA-709, *Certain Integrated Circuits and Products Containing Same Including Televisions, Media Players and Cameras* (hereafter "*Integrated Circuits I*"). Simultaneously, Freescale filed the initial Complaint in this case. Case No. A-10-CV-138, D.I. 1. This case was *sua sponte* stayed pending resolution of the ITC investigation. *Id.*, D.I. 56.

On July 2, 2010, in accordance with an order from the Administrative Law Judge in *Integrated Circuits I*, Funai disclosed to Freescale that some of its products used one or more of six models of ICs manufactured by MediaTek Inc. ("MediaTek") in its various products. May Decl., Exh. A. Despite receiving document discovery from MediaTek (see May Decl., Exh. B), Freescale declined to accuse any MediaTek ICs of infringing any claim of the '455 patent (or any other patent) in *Integrated Circuits I*.

On June 7, 2011, Freescale brought a second action against Funai at the ITC, accusing Funai of infringing claims 9-10 of the '455 patent by its importation of products containing Zoran and MediaTek ICs. *See* Complaint, Inv. No. 337-TA-786, *Certain Integrated Circuits and Products Containing Same Including Televisions* (hereafter "*Integrated Circuits II*"). On July

27, 2011 Funai again disclosed to Freescale that it imported or sold for importation products that contained MediaTek ICs, and provided the specific model of IC in those products. May Decl., Exh. C. Notably, three of the models that Freescale now seeks for the first time to make the subject of an Amended Complaint in this lawsuit – the Philips 42PFL6704D/F7, 47PFL3704D/F7, and 52PFL3704D/F7 models – were explicitly identified in these responses. *Id.* at 25. At no time before this motion did Freescale assert infringement by MediaTek, or by Funai products containing MediaTek ICs, of any claims of the '455 patent except claims 9 and 10.[3]

On July 16, 2012 Freescale filed a second Complaint in this Court against Funai. Case No. 1:12-cv-641, D.I. 1. In this action Freescale alleged infringement of the '274, '316, and '640 patents.[4] *Id.* Freescale also asserted that examples of the infringing Funai products were the Sylvania model numbers LD320SS1 and LC320SL1, both of which Funai had disclosed to Freescale as containing Zoran ICs. *Id.* at ¶ 19.

On January 14, 2013, following consolidation of this case with the other cases in this Court in which Freescale asserted infringement of the '455, '274 and '316 patents, Freescale filed an Amended Complaint. D.I. 33. The Amended Complaint accused both Funai and MediaTek of infringement. Freescale asserted that examples of the infringing Funai products were the Sylvania model numbers LD320SS1 and LC320SL1, both of which Funai had disclosed to Freescale as containing Zoran ICs. *Id.* at ¶ 83. Against MediaTek, Freescale's Amended Complaint asserted as examples of infringing integrated circuits MediaTek model

---

[3] The ITC subsequently found claims 9-10 of the '455 patent were not infringed by and MediaTek product, and that claims 9 and 10 were invalid. Integrated Circuits II, Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bond, 2012 ITC LEXIS 1891 (July 12, 2012); Integrated Circuits II, Comm'n Op., 2012 ITC LEXIS 1971 (Sept. 13, 2012).

[4] Freescale subsequently dropped the '640 patent.

4

numbers MT5387IFSU, MT5387JFSU, MT5392DVMJ, MT5392UVSJ, MT5395AUFJ, and MT5395EUFJ – ICs which Freescale knew were never used by Funai. *Id.* at ¶ 138.

On March 1, 2013, in accordance with the Court's Scheduling Order, Freescale served its preliminary infringement contentions. In its infringement contentions directed to Funai, Freescale pointed to Exhibits 3, 4, 10, 13, and 15 as representative of its contentions. May Decl., Exh. D. All of these exhibits are either infringement analyses of Zoran ICs, or Funai products that clearly contain Zoran integrated circuits. *Id.* In these Court-mandated contentions, despite knowing that Funai used ICs other than those manufactured by Zoran, Freescale made no accusations of infringement against any other group of Funai products.

On April 30, 2013 Freescale filed its Second Amended Complaint in this case.[5] D.I. 88. In the Second Amended Complaint, Freescale asserted that Funai's products infringed the '927 patent.[6] Again, Freescale made no claim against any Funai product that contained a MediaTek IC or any MediaTek IC that Funai had disclosed it used. *Id.* at ¶ 83.

On September 17, Freescale and Zoran notified the remaining defendants that they intended to move for dismissal of Zoran based upon a settlement and license agreement by Zoran to Freescale's asserted patents. May Decl., Exh. E. Because: 1) this license also releases Zoran's downstream customers, including Funai, from liability for any actions that might have infringed Freescale's patents, and 2) Freescale's only accusations in both the Complaints and infringement contentions concerned Funai products containing Zoran ICs, Funai inquired whether Freescale intended to dismiss Funai from the case as well. May Decl., Exh. F. Freescale, however, stated that it would release only Funai's products containing Zoran ICs, and

---

[5] The parties stipulated to the filing of the Second Amended Complaint on April 10, 2013. D.I. 86.
[6] Freescale's proposed Third Amended Complaint drops its allegations against Funai as to the '927 patent. Even if Freescale is permitted to allege infringement against Funai based on MediaTek ICs, MediaTek is not accused of infringing the '927 patent. Therefore, the parties agree that the case against Funai must be dismissed at least as to the '927 patent.

that it continued to assert infringement against other products. May Decl., Exh. G. The same day, Freescale gave the parties notice of its planned Motion, and provided the parties with its proposed Third Amended Complaint. May Decl., Exh. H. In the proposed Third Amended Complaint, Freescale deletes the only accusations of infringement that existed against Funai in the First and Second Amended Complaints, and inserts entirely new accusations of infringement, based on six new products – the Philips models 42PFL6704D/F7, 47PFL3704D/F7, 52PFL3704D/F7, 47PFL7403D/F7, and 52PFL7403D/F7 and Magnavox model 42MF438B. D.I. 148, ¶¶ 54-71. None of the accused products uses any of the MediaTek integrated circuits accused in Freescale's Original, First Amended, or Second Amended Complaints. Freescale filed its Motion on September 20, 2013.

### III.   STATEMENT OF LAW

Once a party has amended as a matter of course (as Freescale already has), a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). While leave should be freely given when justice so requires, the decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Avatar Exploration v. Chevron USA*, 933 F.2d 314, 320 (5th Cir. 1991). The reasons for which a motion for leave to amend may be denied include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). The failure to assert a claim as soon as it may be brought "is properly a factor to be considered in deciding whether to grant a leave to amend." *In re Southmark Corp.*, 88 F.3d 311, 315 n. 16 (5th Cir. 1996) (*citing Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)).

6

## IV. LEAVE TO AMEND WITH RESPECT TO FUNAI SHOULD BE DENIED

### A. Freescale Has Repeatedly Failed To, And Unduly Delayed In, Amending The Complaint With Respect to The Newly Asserted Products

At least as of July 2010, Freescale has been on notice that Funai integrated certain MediaTek ICs into some of its televisions. May Decl., Exh. A. In August 2010, MediaTek provided discovery concerning the structure of its integrated circuits. May Decl., Exh. B. In July 2011, Funai specifically identified three of the products which Freescale now seeks to accuse of infringement in its Third Amended Complaint. May Decl., Exh. C. From June 2011 through June 2012, MediaTek's ICs were directly at issue in the *Integrated Circuits II* investigation, and during that investigation, MediaTek provided Freescale with detailed circuit diagrams of its ICs that were integrated by Funai into its products, as well as testimony from MediaTek engineers on their structure. Thus, Freescale possessed the information it needed as early as three years ago, and at minimum well over one year ago, if it intended to accuse these ICs, or products containing these ICs, of infringement. Freescale, however, did not accuse either these products or the MediaTek ICs included in these products of infringement in its initial complaint, First Amended Complaint, or Second Amended Complaint. Instead, Freescale waited until the eve of its settlement with Zoran, after which its Second Amended Complaint would no longer state a claim against Funai, to accuse these additional Funai products of infringing the claims of the patents at issue.

The facts in *In re Southmark* bear a striking resemblance to the case at bar. As with this case, the plaintiffs in Southmark were aware of the facts on which they based their motion to amend over three years prior to its filing, and eleven months after the filing of its first amended complaint. *In re Southmark Corp.*, 88 F.3d at 315. The district court refused amendment based on undue delay. On appeal, Southmark argued that the court had improperly found undue delay.

7

Southmark noted that no trial had been set, an answer had been filed only two months earlier, the case had been on "hiatus" for several months prior to the filing of the answer, and no dispositive motions had been filed. *Id.* The Fifth Circuit rejected these arguments and upheld the district court. *Id.* at 316 ("allowing Southmark to amend its complaint would not further the purposes of Rule 15, but to the contrary would only reward Southmark for its unreasonable delay.")

While leave to amend may be granted under the Federal Rules, such leave is not automatic. In this case, the Court's scheduling order was clear that no additional amendments would be permitted without leave of Court. D.I. 32. Yet Freescale's motion for leave to amend offers no explanation whatsoever for this undue delay. A failure to provide any reason for a party's delay in filing an amended complaint is grounds for leave to deny amendment, *Southmark*, 88 F.3d at 316, and the Court should so rule here.

### B.   Funai Would Be Unduly Prejudiced By Allowing The Proposed Amendment

Funai also would be prejudiced by allowing Freescale to amend its complaint to assert infringement by an entire set of products for which Funai has no notice of how Freescale claims the products at issue infringe its patents. In its infringement contentions submitted under the Scheduling Order, Freescale provided claim charts showing infringement only for products containing Zoran ICs. Freescale did not provide claim charts against Funai for any products using MediaTek ICs, or against MediaTek for any of the MediaTek IC used by Funai. Instead, Freescale provided claim charts provided for an entirely different set of MediaTek ICs, ICs which Freescale knew Funai does not now use and has never used. As addressed above, Freescale has been on notice of the specific integrated circuits used by Funai in its products (including those manufactured by MediaTek) since at least June 2010. Over the past two years MediaTek has provided Freescale with detailed circuit diagrams concerning these ICs, and testimony concerning their structure – information specific enough that Freescale provided claim

charts in the *Integrated Circuits II* investigation that explained how it believed different claims of the '455 patent were infringed by these ICs. Thus, if Freescale intended to accuse these MediaTek ICs (or the products containing them) of infringement, it had available the information it needed to do so well over one year ago. Freescale, however, did not accuse Funai's products containing MediaTek ICs of infringement in its Original Complaint, First Amended Complaint, or Second Amended Complaint filed in this action. Given Freescale's knowledge of 1) the model numbers of certain MediaTek ICs used by Funai, 2) the structure of those ICs, 3) the products that those ICs were contained in, and 4) the ITC's finding of noninfringement of the '455 patent by MediaTek's ICs in the *Integrated Circuits II* investigation, when Freescale accused only Funai products containing Zoran ICs of infringement as well as only MediaTek ICs that Funai does not use in its infringement contentions, Funai properly drew the conclusion that Freescale did not intend to accuse any Funai products containing MediaTek ICs of infringement. To do so now, over eight months after the Court ordered Freescale to amend its complaint to provide its most up to date assertions, when it has had the necessary information well over a year beforehand is grossly prejudicial to Funai.

    Freescale will likely contend that because the newly accused MediaTek products were the subject of discovery in *Integrated Circuits I*, and were actually accused of infringement in *Integrated Circuits II*, there can be no prejudice because Funai was on notice that Freescale might accuse its products containing MediaTek ICs of infringement. Any such argument by Freescale is misplaced. While Freescale accused certain MediaTek's ICs of infringing the '455 patent, it did not accuse those ICs of infringing the specific claims at issue here – claims 22 and 26-28 of the '455 patent. Rather, in the *Integrated Circuits I* investigation, where claims 22 and 26 were asserted, no MediaTek ICs or products containing MediaTek ICs were accused; and in

AUSTIN_1/715524v.1 52171-1

the Integrated Circuits II investigation, when MediaTek products were accused, claims 22 and 26 were not asserted. *See* Complaint, *Integrated Circuits I*; Complaint, *Integrated Circuits II*. Thus, Funai had no reason to believe Freescale had any intention of asserting any of the current patents in this case against it for its use of MediaTek ICs. Moreover, there was no reason for Funai to have any idea that Freescale would accuse Funai of infringing the '274 and '316 patents based on its use of MediaTek's ICs.

The prejudice to Funai is especially severe given the timing with respect to claim construction. The parties have completed claim construction briefing. The Markman hearing is set for next month. Funai has participated in the claim construction process without knowing that Freescale would raise entirely new infringement allegations against Funai based on MediaTek ICs and without having received Freescale's infringement contentions as to any MediaTek ICs used in Funai products. These new infringement theories may well give rise to new claim construction disputes. For instance, Freescale's new infringement theories could be premised on faulty claim constructions. This concern is undoubtedly why the Court ordered the parties to exchange infringement and invalidity contentions *before* the claim construction process began. If Freescale is allowed to proceed on these new claims, it will allow Freescale an unfair advantage in not having previously disclosed or asserted these allegations, correspondingly unduly prejudice Funai, and conceivably adversely impact the scheduling in this proceeding.

## V. CONCLUSION

For the reasons stated herein, Funai requests that the Court deny Freescale's motion for leave to amend its complaint with respect to Funai.

Dated: September 25, 2013

Respectfully submitted,

Steven Routh
Sten Jensen
T. Vann Pearce, Jr.
Christopher J. Higgins
Orrick Herrington & Sutcliffe LLP
1152 15th Street N.W.
Washington D.C. 20005-1706
202.339.8400
202.339.8500 fax

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
(213) 612-2478

George B. Butts
8911 North Capital of Texas Highway,
Suite 2120
Austin, TX 78759

Paul Devinsky
Christopher L. May
McDermott Will & Emery LLP
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*/s/ Gary E. Zausmer*
Gary E. Zausmer
Winstead, P.C.
401 Congress Avenue
Suite 2100
Austin, Texas 78701
512.370.2800
512.370.2850 fax

*Counsel for Defendants Funai Electric Co., Ltd. and Funai Corporation, Inc.*