**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| FREESCALE SEMICONDUCTOR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMTRAN TECHNOLOGY CO., LTD.; AMTRAN LOGISTICS, INC.; AOC INTERNATIONAL (USA) LTD.; CSR TECHNOLOGY, INC.; ENVISION PERIPHERALS, INC., FUNAI CORPORATION, INC.; FUNAI ELECTRIC CO., LTD.; MARVELL SEMICONDUCTOR, INC., MEDIATEK, INC.; MEDIATEK USA INC.; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SANYO MANUFACTURING CORPORATION; TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD.; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD.; TPV TECHNOLOGY LIMITED; TPV INTERNATIONAL (USA) INC.; VIZIO, INC.; AND ZORAN CORPORATION.<br><br>Defendants. | § | CASE NO. 1:12-CV-644-LY |

**DEFENDANT MEDIATEK INC.'S JOINDER IN SUPPORT OF DEFENDANTS FUNAI ELECTRIC CO. AND FUNAI CORPORATION, INC.'S OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Defendant MediaTek Inc. ("MediaTek") hereby joins in support of Defendants Funai Electric Co. and Funai Corporation, Inc.'s ("Funai's") Opposition to Plaintiff's Opposed Motion for Leave to File a Third Amended Complaint ("Motion"). For the reasons stated in Funai's Opposition and as further set-forth below, Freescale's Motion should be denied at least as to the newly asserted infringement allegations implicating Funai TV products incorporating MediaTek's ICs. Freescale's attempt to surreptitiously add these products to this case without explanation or notice to either the Court or to MediaTek is improper, and should be rejected.

On September 17, 2013, Freescale notified counsel for Defendants that it intended to file a Third Amended Complaint. The stated purpose of Freescale's proposed amendment was twofold: (1) to withdraw certain infringement claims as a result of its settlement agreement with Defendant chip-maker CSR/Zoran, and (2) to conform the asserted claims to those identified in its March 1, 2013 Infringement Contentions. Freescale then filed its Motion the following day—without input from MediaTek—and again represented in its Motion the very same purported bases for seeking leave to amend its complaint.

In fact, Freescale's proposed amendments to its complaint exceed what it has represented to the Court in its Motion. Concealed in Freescale's proposed Third Amended Complaint is an entirely new set of accused products—Funai TVs that, according to Funai's Opposition, incorporate an entirely new set of MediaTek IC products not previously at issue. Neither these newly identified Funai TV products, nor the MediaTek IC products apparently incorporated in these TVs, were ever identified as accused products in this case. Indeed, despite having knowledge of these products for at least three years, Freescale did not identify these Funai or MediaTek products in any of the three previous iterations of its Complaint. Nor did Freescale identify these products in its Infringement Contentions submitted in accordance with the Court's

Scheduling Order. Rather, Freescale identified in its Infringement Contentions an entirely different set of MediaTek accused products that are incorporated into an entirely different set of downstream products (Vizio TVs).

These amendments proposed by Freescale—which inexplicably seek to implicate new MediaTek products—bear no relationship to the stated basis for Freescale's Motion. Freescale has not attempted to justify its late addition of these products, nor, as set forth in Funai's Opposition, can Freescale conceivably do so. *See generally*, Funai's Opp., Dkt. 153. Freescale's covert effort to add these new products under the guise of a completely unrelated settlement agreement is improper, and Freescale's Motion should be denied.

Dated: September 27, 2013

Respectfully submitted,

By: /s/ Keith L. Slenkovich .

Keith L. Slenkovich (admitted *pro hac vice*)
keith.slenkovich@wilmerhale.com
Nathan L. Walker (admitted *pro hac vice*)
nathan.walker@wilmerhale.com
Tobias W. Mock (admitted *pro hac vice)*
tobias.mock@wilmerhale.com
Matthew Hawkinson (admitted *pro hac vice)*
matthew.hawkinson@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100

Michael E. Richardson
State Bar No. 24002838
mrichardson@brsfirm.com
BECK REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

*ATTORNEYS FOR DEFENDANT MEDIATEK INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all counsel of record.

/s/ Keith L. Slenkovich

Keith L. Slenkovich